BESOZZI *v.* THE INDIANA EMPLOYMENT SECURITY
BOARD ET AL.

[No. 18,909. Filed March 4, 1957. Rehearing denied April
5, 1957. Transfer denied November 14, 1957.]

*Theodore M. Gemberling, Owen W. Crumpacker,
George V. Burbach,* and *Crumpacker, Gemberling &
Enslen,* of counsel, all of Hammond, for the Appellant.

*Edwin K. Steers,* Attorney General, *William S. Mc-
Master* and *Keith Campbell,* Deputy Attorneys General,
for appellees.

ROYSE, J.—Appellant here seeks a judicial review of
an order of the Indiana Employment Security Board
denying his claim for adjustment or refund of pay-
ments made by him under the provisions of the Indi-
ana Employment Security Act for a period from Janu-
ary 1, 1955 to December 31, 1955.

The sole question presented here is whether an em-
ployer is liable for contributions to the fund created
by the Act where such employer has only three full-
time employees, but in addition has six or more other
part-time employees who work for him the specified
time and who were regularly employed by other em-
ployers who participated in the fund, and such other

employers had paid the contribution required under the Act for such employees.

The pertinent facts stipulated by the parties are as follows: "At this time the employer offers to stipulate that during the period in question there were three full-time employees of Leo Besozzi: John C. Baidoff, George N. Giberson and Forrest Morrow. At the same time there were six part-time employees of Leo Besozzi who were also employed full-time by others. These employees were Earl Ellis, Jr., who worked full-time for the Graver Construction Company of East Chicago, Indiana; J. Roy Garber, who worked full-time for the Standard Oil Company of Whiting, Indiana; Ralph M. Hodnett, who worked full-time for the Corn Products Refining Company in Chicago, Illinois; Claude E. Peterson, who worked full-time for the Standard Oil Company of Whiting, Indiana; Frank Rice, who worked full-time for the Standard Oil Company of Whiting, Indiana; and Matt Zeminski, who worked full-time for Hokin Aluminum Company of Dolton, Illinois. There were also part-time employees of Leo Besozzi who were not otherwise employed; Laura Herlitz, who was on social security at the time in question; Helen A. Kosik; Edith Lawrence; Helen M. Roberts; and Nellie Truex. The employer offers to stipulate that these persons were employed upon the basis stated at the time in question. Let it be further stipulated that there were eight or more employees, including the six above-named part-time employees who worked full-time for others, during some portion of a day for a period of twenty weeks or more in the calendar year of 1955."

Appellant makes the following contentions: The Liability Referee failed to find one vital fact which the evidence showed without dispute, that fact being that the six part-time employees who worked full-time for others, worked for other employees already participating in this fund and the full amount of the contribu-

tion had been paid by their full-time employer. He asserts this essential fact not found may properly be considered by the Appellate Court. Citing: *First National Bank* v. *Farmers and Merchants National Bank* (1908), 171 Ind. 323, 345, 86 N. E. 417. That appellant is being taxed because he employs six men on a part-time basis who are employed full-time by others, even though the full-time employer pays the maximum contribution required by the Act. That appellant's six part-time employees work full-time for others. Article III of the Act defines "Unemployment," and defines three categories of unemployment, namely: (1) Total unemployment, (2) Partial unemployment, and (3) Part-total unemployment. §§52-1527 to 52-1527b, Burns' 1951 Repl. That without indulging in an analysis of the distinctions, it is sufficient to say that a man cannot fall into any category of unemployment while he is working full-time. This is obvious, for the purpose of the Act is to protect against the economic hazard of unemployment. If a man is working full-time he cannot be unemployed so as to be entitled to benefits under the Act. If one of appellant's part-time employees working full-time for another were laid off by appellant, he would not be entitled to unemployment compensation while working full-time for another. Neither would he be entitled to double compensation if he were laid off by both employers, nor would he be entitled to unemployment compensation for a longer period of time, by reason of his double employment. Thus no additional benefit accrues to the employees by virtue of their double employment, and the contributions levied against appellant cannot be for the public policy reasons declared in the Act.

Appellees concede that the Liability Referee failed to make the finding referred to by appellant but says that in his findings and conclusions he said:

"There is no provision in this Section or any other Section of the Act which excludes the payment of contributions merely because contributions have been paid by another employer or because the employee may not be able to collect benefits as the result of the payment of contributions on his earnings by his part-time employer. It appears clear that Mr. Besozzi, under the facts in this case, is an employer as defined by Section 701 of the Act and is subject to contributions on the earnings of all individuals in his employment."

Appellees further contend that where there are two or more employers having the same employee subject to the Social Security Act, the employer is not exempted from paying the employer's share of the tax provided for the reason the other employer has already paid the maximum amount of said tax.

The Act of 1947, §701, p. 673, §52-1531, Burns' 1951 Repl. provides, in part, as follows:

"Employer" means any employing unit which for some portion of a day, but not necessarily simultaneously, in each of twenty (20) different weeks, whether or not such weeks are or were consecutive within either the current or the preceding calendar year, has or had in employment, and/or has incurred liability for wages payable to eight (8) or more individuals (irrespective of whether the same individuals are or were employed in each such day), and for the purposes of this definition if any week includes both December 31 and January 1, the days up to January 1 shall be deemed one (1) calendar week and the days beginning January 1 another such week."

It seems to us the foregoing provision of the statute is clear and unambiguous. In our opinion, by this section the Legislature has provided that an employer who employs eight or more persons "for some portion of a day" "in each of twenty different weeks within a calendar year" is covered by the Act and required to make the contributions therein provided. We find nothing in

this Section which would exempt an employer who does not employ eight or more full-time employees during said period but does have (as stipulated by the parties herein) more than eight employees who work for the required period in a calendar year when part-time employees are included.

Finally, it is clear that by the Act of 1947, *supra*, §1101, §52-1535, Burns' 1951 Repl., the Legislature was cognizant of the fact that an employee might work for more than one employer. Subdv. (b) of said Section provides as follows:

"When wage records show that an individual has been employed by two (2) or more employers during the same calendar quarter of the base period but do not indicate both that such employment was consecutive and the order and sequence thereof, then and in such cases it shall be deemed that the employer with whom the individual established a plurality of wage credits in such calendar quarter is the most recent employer in such quarter and its experience account shall be first charged with benefits paid such individual. The experience account of the employer with whom the next highest amount of wage credits were established shall be charged secondly and the experience accounts of other employers during such quarters, if any, shall likewise be charged in order according to plurality of wage credits established by such individual."

The decision of the Board is affirmed.

Crumpacker, J.—Not participating.

NOTE.—Reported in 140 N. E. 2d 507.
Transfer denied 146 N. E. 2d 100.